Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| Carmen Fabery | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* ☐ Yes ✓ No |
| -v- | ) | |
| National Association of Government Employees | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Carmen Fabery |
  | Street Address | 270 Babcock St. Apt. 20-E |
  | City and County | Boston |
  | State and Zip Code | MA 02215 |
  | Telephone Number | 617.271.7787 |
  | E-mail Address | carmen.fabery@gmail.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Defendant No. 1

    Name      National Association of Government Employees

    Job or Title *(if known)*

    Street Address      159 Burgin Parkway

    City and County      Quincy

    State and Zip Code      MA 02169

    Telephone Number      617.376.0220

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ . Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Loss of income and all lost benefits, including back and front pay, and pre-judgment interest in the amount of $100,000.
2. Emotional distress, humiliation, anxiety, grief and anguish in the amount of $100,000.
3. Punitive damages in the amount of $100,000 for knowingly neglecting their obligations and promoting discrimination in the workplace.
4. Attorney fees, including legal consultations as pro se plaintiff.

5. Court fees and costs of suit incurred herein.
6. Any other and further relief the honorable court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/04/2024

Signature of Plaintiff: *(signed)*
Printed Name of Plaintiff: Carmen Fabery

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Carmen Fabery ) | Case No. _____ |
| -v- ) | |
| National Association of ) | |
| Government Employees ) | |
| ) | |
| _____ ) | |

III. Statement of Claim


**FACTS**


1. On or about December 26, 2017, plaintiff was hired as an Adoption Subsidy Administrator (Program Coordinator I), an administrative position that involved no contact with the public, for the Adoption Subsidy Unit at the Department Children and Families (hereinafter " DCF").

2. On or about December 26, 2017, plaintiff joined the National Association of Government Employees (hereinafter "NAGE") as the exclusive labor organization representing the plaintiff's position that was designated as a civil service position.

3. On or about December 26, 2017, NAGE expressed their commitment to defending the dignity of their members.

4. On or about May 3, 2021, Baker made public statements to the fact that imposing a COVID-19 vaccination mandate would amount to a coercive measure.

5. On or about June 15, 2021, the Governor of the Commonwealth of Massachusetts Charles Baker (hereinafter "Baker") ended the state of emergency due to COVID-19 delegating any required actions relating to COVID-19 to the Commissioner of Public Health.

6. On or about August 19, 2021, Baker signed Executive Order 595 ("hereinafter EO 595") imposing a new condition of employment on all Executive Department Employees that required vaccination for COVID-19, with reasonable accommodations, whenever possible, for those with exemptions due to sincerely held religious .beliefs or medical counterindication.

7. On or about August 20, 2021, DCF notified their intention to implement the Future of Work Initiative, requiring the plaintiff to be at the office three days a week.

8. On or about October 6, 2021, the plaintiff submitted a request for a reasonable accommodation to EO 595 due to a sincerely held religious belief expressing willingness to adjust to different possible accommodations.

UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Carmen Fabery ) <br> -v- ) <br> National Association of ) <br> Government Employees ) <br> ) <br> _____ ) | Case No. _____ |

9. On or about October 6, 2021, the plaintiff submitted a request for a reasonable accommodation to EO 595 due to a sincerely held religious belief expressing willingness to adjust to different possible accommodations.

10. On or about October 8, 2021, The Human Resources Department ("hereinafter HRD") notified Executive Department Employees that employees they considered to not have complied with EO 595 would not be eligible for unemployment benefits.

11. On or about October 20, 2021, DCF denied the plaintiff's request for accommodation citing direct care as justification while having accommodated another employee with the same position for non-religious reasons.

12. On or about November 1, 2021, DCF placed the plaintiff on unpaid five day suspension after ignoring any and all plaintiff's pleas to address the procedural error.

13. On or about November 1, 2021, the Human Resources Department ("hereinafter "HRD") filed a charge of non-compliance with EO 595 and scheduled a Show Cause Hearing.

14. On or about November 1, 2021, plaintiff contacted NAGE to inform them of the situation.

15. On or about November 4, 2021, plaintiff requested that the Show Cause Hearing be public given she understood she had that right as holder of a civil service position, but HRD denied the petition.

16. On or about November 7, 2021, plaintiff questioned NAGE representative Chris Cook (hereinafter "Cook") as to what NAGE would do at the Show Cause Hearing to which Cook replied that the hearing was a "formality", that Baker was "adamant" about terminating those not receiving the COVID-19 vaccination, that Baker was legally on his right to do so, that there was nothing the plaintiff could do legally and that the plaintiff was going to be fired from her job.

UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| Carmen Fabery | ) | Case No. _____ |
| -v- | ) | |
| National Association of | ) | |
| Government Employees | ) | |
| | ) | |
| _____ | ) | |

17. On or about November 7, 2021, based on NAGE's position on the matter and the fact that NAGE had no interest to investigate the particulars of the plaintiff's position in order to present an adequate representation, the plaintiff requested that Cook not be present at the Show Cause Hearing.

18. On or about November 8, 2021, the plaintiff requested NAGE provide counsel in an advisory role, but was denied access to legal orientation or advise.

19. On or about November 8, 2021, following complete abandonment by NAGE, Cook mocked the plaintiff's desperate attempts to avoid the potential dismissal, when asked

by HRD to provide orientation to the plaintiff, stating the plaintiff had "her own ideas" and refusing to provide any advice to the plaintiff as requested by HRD.

20. On or about November 9, 2021, the plaintiff was further suspended after completing a previous suspension and waiting for the decision of the Show Cause Hearing to be pronounced for additional disciplinary actions.

21. On or about November 9, 2021, HRD placed the plaintiff on a ten day suspension without pay retroactive to November 8, 2021, providing the plaintiff with the option to abdicate the plaintiff's religious belief, sign a waiver of legal action against DCF and resign, or be terminated from employment.

22. On or about November 16, 2021, NAGE pressured the plaintiff into signing a waiver of rights to access any other forum as part of a grievance form while refusing to explain to the plaintiff the legal implication of the waiver of rights.

23. On or about November 19, 2021, the plaintiff was terminated from employment at DCF having only served nine of the ten work days allowed to decide whether to resign or be fired from the position.

24. Between on or about August 19, 2021, and November 19, 2021, NAGE was aware of the prohibited practice carried out by DCF and HRD, but chose to side with the employer and even promoted the discriminatory policy.

UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Carmen Fabery ) <br> -v- ) <br> National Association of ) <br> Government Employees ) <br> ) <br> _____ ) | Case No. _____ |

25. Between on or about November 1, 2021, and November 19, 2021, NAGE was aware of almost all the communications between the plaintiff and DCF.

26. Between November 2, 2021, and November 19, 2021, NAGE refused to answer many important questions posed by the plaintiff, provide guidance, or even defend procedural issues raised by the plaintiff.

27. On or about December 23, 2021, the plaintiff's unemployment benefits were blocked by DCF.

28. On or about May 27, 2022, the decision to deny the plaintiff unemployment benefits was reversed on appeal.

29. On or about September 12, 2024, the Equal Employment Opportunity Commission (hereinafter "EEOC") issued a determination of reasonable cause for discrimination against DCF.

30. On or about August 8, 2024, the plaintiff received a Notice of Right to Sue from the EEOC for the discrimination charge against NAGE.


**CLAIMS**


1. NAGE, by their actions and omissions, sided with DCF and HRD on the prohibited practices that led to the dismissal of the plaintiff from a position at DCF.

2. NAGE, by their actions and omissions, sided with DCF and HRD in the prohibited practices that involved retaliation as a result of the plaintiff invoking the right to a reasonable accommodation from EO 595.

3. NAGE openly promoted EO 595 while hiding from members the information that was learned during negotiations that confirmed the prohibited practices by DCF and HRD.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/06/2024

**To:** Carmen Fabery
270 Babcock Street # 20 E
Boston, MA 02215
Charge No: 523-2022-03975

EEOC Representative and email:    HANH NGUYEN
Investigator
hanh.nguyen@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Feng K.
An 08/06/2024

Feng K. An
Area Office Director

Cc:
Michael Manning
NAGE
159 THOMAS BURGIN PKWY STE 1
Quincy, MA 02169

Please retain this notice for your records.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Boston Area Office
15 New Sudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## FINAL DETERMINATION

September 12, 2024

**Charging Party**                                     **Charge No:   523-2022-03957**
Carmen Fabery
270 Babcock Street # 20 E
Boston, MA 02215

**Respondent**
Department Of Children & Families
600 Washington St, Fl 6
Boston, MA 02111

Dear Parties:

      On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Respondent is an employer within the meaning of Title VII. All requirements for coverage have been met.

      The Charging Party allege she was denied a religious accommodation and discharged based on her religion with respect to the Respondent's COVID-19 vaccine mandate. Respondent denies discriminating against the Charging Party and asserts that it engaged in good faith communications with the Charging Party regarding her request to remain unvaccinated against COVID-19. Ultimately, Respondent determined that it cannot accommodate Charging Party due to an undue hardship.

      The Commission's investigation shows that Charging Party has a sincerely held religious belief that conflicts with Respondent's COVID-19 vaccine policy. The evidence shows that Respondent could not accommodate Charge Party's request to remain unvaccinated against COVID-19 and terminated her employment on November 19, 2021.

      The Commission has determined it was possible for Respondent to accommodate the Charging Party with remote work and this would not have imposed an undue hardship. Around July 2020, Respondent implement i-FamilyNet system, a paperless, web-based system, for document uploads and application submissions, which made it easier for individuals like Charging party to perform her job duties from home. Specifically, the i-FamilyNet drastically reduced paper applications, and significantly reduced Respondent's reliance on paper, which make it easier to

perform the adoption Subsidy Coordinator role in a remote capacity. Finally, there is no evidence to show that Respondent considered Charging Party for reassignment to a vacant position.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email Investigator Hanh Nguyen at Hanh.Nguyen@EEOC.Gov, within ten (10) days from the date of this Letter of Determination.

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

On behalf of the Commission:

*Feng An, Kenneth*

Feng An, Director
Boston Office