UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-CV-12781-IT

CARMEN FABERY,
Plaintiff

v.

NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES,
Defendant.

**OPPOSITION OF NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES**

## INTRODUCTION

Plaintiff has filed a motion to extend discovery deadlines four months after the deadlines expired. Defendant, National Association of Government Employees, opposes her motion because plaintiff has not shown by affidavits or other evidentiary materials that despite her diligence the scheduling deadlines could not be met, that there was excusable neglect in failing to request a timely extension, and that the Court committed manifest error in denying the same request on September 17, 2025.

## STATEMENT OF FACTS

On November 4, 2024, plaintiff initiated this action, although she did not serve the Complaint on defendant, National Association of Government Employees, until January 27, 2025. Defendant answered the Complaint on February 14, 2025. On April 11, 2025, pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, the Court held an initial scheduling conference with

the pro se plaintiff and counsel for defendant during which both parties were aware of and agreed to the discovery schedule deadlines reflected in the scheduling order issued by the Court on April 15, 2025. In line with the Order, both parties were to serve their requests for production of documents and interrogatories by June 6, 2025. Both parties were to serve their requests for admission by July 18, 2025.

Defendant served interrogatories and requests for production of documents by June 6, 2025. Plaintiff did not submit any interrogatories or requests for production of documents by the agreed deadline. On July 18, 2025, after the thirty-day period for responding to the written discovery had expired, plaintiff filed a motion to extend the deadline for responding until August 18, 2025. Plaintiff's reason for the requested extension was the untimely passing of two individuals, including her mother. An extension in which to submit requests for admission to September 19, 2025, was also requested. Plaintiff did not request an extension to serve her own interrogatories or requests for production of documents. Defendant assented to the motion. On July 21, 2025, the court granted plaintiff's motion.

Plaintiff submitted her responses to defendant's interrogatories and requests for production of documents on August18 and 19, 2025, respectively. On September 16, 2025, defendant wrote to plaintiff describing the deficiencies in her responses to the interrogatories and requesting she supplement her responses by October 3, 2025. On October 3, 2025, defendant wrote to plaintiff about the deficiencies in her response to its requests for production of documents and requested she supplement her responses by October 17, 2025.

On September 17, 2025, the Court held a status conference to monitor the case's progress, to discuss discovery issues, to assess the possibility of settling the case before trial, and to manage the overall timeline. The Court set new scheduling deadlines. The Court stated

plaintiff was to respond to defendant's letter of deficiency regarding plaintiff's responses to defendant's interrogatories by October 3, 2025. Defendant was to send its letter of deficiency regarding plaintiff's responses to its requests for production of documents by October 3, 2025, and plaintiff was to respond by October 17, 2025. If necessary, a motion to compel was to be filed by October 31, 2025. Plaintiff requested time to serve interrogatories, but the court informed her the deadline had expired and referred plaintiff to the Federal Rules of Civil Procedure. The Court set January 16, 2026, as the deadline for completing depositions, and February 16, 2026, as the deadline for filing dispositive motions. The court's decisions are reflected in the Court's order of September 17, 2025.

On October 29, 2025, plaintiff filed a motion to extend discovery deadlines to serve a set of interrogatories and depose potentially three witnesses. On October 31, 2025, plaintiff served defendant with requests to produce documents. (See Exhibit 1)

## LEGAL STANDARDS

Plaintiff seeks an extension of the deadlines for serving and complying with written discovery, which have long since passed. Generally, a party who seeks an extension of time must show good cause for the requested extension when the extension is sought before the deadline expires. Rivera-Almodovar v. Instituto Socioeconomic Communitario, 730 F.3d 23, 26 (1st Cir. 2013). This "good cause" standard applies to requests to extend discovery deadlines in a scheduling order. See Fed. R. Civ. P. 6(b)(1), 16(b)(4); Local Rule 16.1(g); O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004). This standard focuses upon the diligence of the party seeking the extension. Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013). A party seeking to modify a court's scheduling order has the burden of showing by "affidavits, other evidentiary materials, or references to pertinent portions of the record" that

despite her diligence the scheduling deadlines cannot be met. Local Rule 16.1(g); O'Connell v. Hyatt Hotels, 357 F.3d at 154.

However, when a motion for an extension of time is made after the expiration of a court's scheduling order deadline, as here, the moving party must demonstrate more: she must show that her failure to request a timely extension constitutes "excusable neglect." Rivera-Almodovar v. Instituto Socioeconomic Communitario, 730 F.3d 23, 26 (1st Cir. 2013); Berio-Ramos v. Flores-Garcia, 2015 U.S. Dist. Lexis 166573 *3 (D.P.R. 2015). "Excusable neglect" encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship., 507 U.S. 380, 388 (1993); see Rivera-Almodovar, 730 F.3d at 26. The Court analyzes the totality of the circumstances surrounding the party's omission. Pioneer, 507 U.S. at 395; Nansamba v. North Shore Med. Ctr. Inc., 727 F.3d 33, 39 (1st Cir. 2013); Berio-Ramos v. Flores-Garcia, 2015 U.S. Dist. Lexis 166573 *4 (D.P.R. 2015). Amongst the relevant circumstances, "the most important is the reason for the particular oversight." Nansamba, 727 F.3d at 39; Tubens v. Doe, 976 F.3d 101, 105 (1st Cir. 2020). The excuse proffered for the delay must have the greatest import. Tubens, 976 F.3d at 106. The moving party must present a convincing argument as to why the neglect was excusable. Nansamba, 727 F. 3d at 39.

Moreover, plaintiff's motion is actually a motion for reconsideration of the Court's Order of September 17, 2025, in which the Court denied plaintiff's request to file interrogatories after the deadline had already expired. It is well-settled that the "granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Absent a showing a court misapprehended "some material fact or point of law, such a motion is normally not a promising vehicle for

revisiting a party's case and rearguing theories previously advanced and rejected." Id. The moving party "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE OR EXCUSABLE NEGLECT FOR THE EXTENSION AND THAT THE COURT COMMITTED MANIFEST ERROR IN DENYING THE SAME REQUEST ON SEPTEMBER 17, 2025.

Plaintiff's motion for an extension of the scheduling order deadlines for serving interrogatories and requests for production of documents is more than four months after the deadlines expired and three months after the deadline for serving requests for admission elapsed. Plaintiff has failed to explain why, in exercising due diligence, she could not comply with the discovery deadlines, that her failure to request an extension in a timely manner constitutes excusable neglect, and that newly discovered evidence has come to light or that the Court committed a manifest error of law in denying her request on September 17, 2025.

The reasons plaintiff seeks an extension of the discovery deadlines include: (1) she did not complete any discovery by the agreed-upon deadlines and wants to; (2) she had to respond to defendant's "onerous" discovery requests; (3) her time was occupied with the death of two close relatives, including her mother; and (4) she intends to reach out to the Boston College Pro Se Legal Assistance Clinic to help her with her discovery requests.

In her memorandum in support of her motion to extend discovery deadlines, plaintiff explains her intention for the extension is to serve one set of interrogatories and depose three or fewer non-expert witnesses. Plaintiff's claim, though, is misleading. In her proposed amended scheduling order, she proffers that she be allowed to serve not only interrogatories, but requests

to produce documents and requests for admission by December 1, 2025. Indeed, without waiting for the Court to grant an extension, plaintiff served requests for production of documents on defendant, contrary to her claim in her memorandum, on October 31, 2025, the last day for completing fact discovery in the original scheduling order. These requests are likely to generate a discovery dispute requiring the Court's involvement as some of them appear irrelevant, vague, unduly burdensome, and invade the privacy of others.

Plaintiff's failure to comply with the scheduling order's discovery deadlines is not excused by her pro se status. Banks v. O'Bannon, 1997 U.S. App. Lexis 16331*3 (7th Cir. 1997). A pro se party does not have the discretion to choose which of the court's orders to follow and which to disregard. Id. A pro se party has the responsibility like other parties to comply with and monitor deadlines to keep a case moving forward. McDonald's Corp. v. Strahm, 2022 U.S. App. Lexis 3293*7 (6th Cir. 2022). Plaintiff failed to comply with readily comprehended discovery deadlines of which she was aware and to which she agreed. See Jordan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). A court is not required to excuse a pro se plaintiff's failure to comply with straightforward procedural requirements that govern other litigants and for which no legal training is required. See Id. at 109; McDonald's Corp., 2022 U.S. App. Lexis at *7; Pratt v. Crist, 1997 U.S. App. Lexis 8669 *4 (9th Cir. 1997).

Moreover, the fact that plaintiff wants to conduct written discovery after the deadlines have passed does not constitute good cause for an extension. See Amtsen v. Washington, 2025 U.S. Dist. Lexis 32773*7-8 (W.D. Wash. 2025). Inattention to the discovery deadlines does not establish "excusable neglect" either. See Rivera-Almodovar v. Instituto Socioeconomic Communitario, 730 F.3d 23, 27 (1st Cir. 2013).

Plaintiff also proposes that depositions be completed by December 1, 2025, even though the Court has already set January 16, 2026, as the deadline for completing depositions. If plaintiff wants to ask defendant questions in written form, she is not time-barred asking them orally in the depositions she plans to conduct. Accordingly, there is no need for an extension of discovery deadlines, and the case can continue moving ahead.

Next, plaintiff contends she did not engage in her own discovery because she was responding to defendant's "several onerous discovery requests." Characterization aside for the moment, this contention fails to explain why she did not serve interrogatories or requests for production of documents, or at least file a motion to extend discovery, before the deadlines expired. Responding to defendant's written discovery occurred after the deadlines passed, not before. Second, discovery was not phased in the sense that defendant conducted discovery first and then the plaintiff. Discovery was scheduled to be conducted simultaneously, and it was plaintiff's obligation to monitor the deadlines. Additionally, "busyness" does not support a finding of excusable neglect. See Tubens v. Doe, 976 F.3d 101, 106 (1st Cir. 2020); Ruiz v. Principal Fin. Group, 2013 U.S. Dist. Lexis 173033*6 (D. Mass. 2013).

Defendant's discovery was not "onerous." Plaintiff filed a cryptic Complaint, which defendant did not understand. This case is not the typical situation where a union refused to file grievances on behalf of a bargaining unit member. On the contrary, here the Union was willing to represent plaintiff in the grievance process and prepared grievances for her, but it was her own refusal to engage in the grievance process that prevented the Union from representing her. Therefore, not understanding the nature of plaintiff's Complaint, defendant carefully drew its discovery requests to clarify plaintiff's allegations and to identify the issues. Plaintiff's responses, however, continued to be opaque. Without the Court's intervention at the status

conference on September 17, 2025, defendant would not have obtained the glimmer of understanding of her allegations it now has. Defendant's discovery requests were not onerous; it was plaintiff's desire to hide her case and surprise the defendant with it at trial that made responding onerous. In any event, responding to defendant's written discovery does not demonstrate diligence in trying to comply with the discovery deadlines or excusable neglect for failing to timely request an extension.

Another reason offered for plaintiff's motion is her time was occupied with the death of two close relatives, including her mother. This reason does not establish either "good cause" or "excusable neglect." Plaintiff cited this reason for her extension request to respond to defendant's discovery on July 18, 2025. At that time, even though it was over a month after the deadlines had passed, she did not request an extension to serve her written discovery. Second, plaintiff has not supported her motion with an affidavit explaining the dates of the deaths of her relatives and how her time was occupied by their deaths. She has not presented any new evidence from her earlier motion, and she has not shown how the Court misapprehended the reasons for her request for an extension at the status conference on September 17, 2025, or committed a manifest error of law.

The final reason for plaintiff's motion is she intends to reach out to the Boston College Pro Se Legal Assistance Clinic to help her with her discovery requests. Plaintiff's intentions do not create "good cause" or "excusable neglect.' Plaintiff has had ample opportunity to seek legal assistance form the Boston College Law School Pro Se Clinic or elsewhere before she filed her Complaint. The Clinic apparently aids with reviewing and editing pleadings, explaining court rules and procedures, and assisting with discovery requests. She had the opportunity to consult the Clinic or other lawyers before she filed her Complaint and between the time she filed it on

November 4, 2024, and served it on defendant on January 27, 2025. She had had an opportunity to seek legal assistance at the initial scheduling conference and prior to the discovery deadlines. Her intention to reach out now for legal assistance does not demonstrate diligence in trying to comply with discovery deadlines before they expired or excusable neglect for failing to request a timely extension.

## CONCLUSION

For all the foregoing reasons plaintiff's motion to extend discovery deadlines should be denied

Respectfully submitted,

National Association of
Government Employees
by its attorney,

/s/Lawrence D. Humphrey
Lawrence D. Humphrey
Assistant General Counsel
BBO # 244160
National Association of
Government Employees
159 Burgin Parkway
Quincy, MA 02169
617-376-0220

## CERTIFICATE OF SERVICE

I, Lawrence D. Humphrey, certify that the attached Opposition of National Association of Government Employees to Plaintiff's Motion to Extend Discovery Deadlines has been served on the following this 12th day of November 2025, via first class mail and email:

Carmen Fabery
270 Babcock Street, Apt. 20-E
Boston, Massachusetts 02215

/s/Lawrence D. Humphrey
Lawrence D. Humphrey