UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-CV-12781-IT

CARMEN FABERY,
Plaintiff

v.

NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES,
Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND THE DEPOSITION TIME FOR PLAINTIFF AND TO EXTEND THE PERIOD FOR TAKING DEPOSITIONS AND FOR FILING DISPOSITIVE MOTIONS**

## PROCEDURAL HISTORY

On November 4, 2024, Plaintiff initiated this employment discrimination action based on her religion, Catholic, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against Defendant National Association of Government Employees. Defendant answered the Complaint on February 14, 2025. On April 15, 2025, the Court issued a Scheduling Order in which both parties were to serve their interrogatories and requests for production of documents by June 6, 2025, and requests for admission by July 18, 2025. On July 21, 2025, the Court granted Plaintiff's motion to extend the time for responding to Defendant's interrogatories and requests for production of documents until August 18, 2025. Plaintiff submitted her responses to Defendant's interrogatories and requests for production of documents on August18 and 19, 2025, respectively. The responses did not state the interrogatory or request to produce documents followed by a response. After trying to compare the interrogatories and requests to produce with

Plaintiff's responses, Defendant found her responses to be vague, confusing, incomplete, and did not clarify Plaintiff's allegations. Defendant requested Plaintiff to supplement her responses to both documents. Her responses trickled in by the end of October 2025. Again, her responses were vague and confusing. She responded by repeating the inadequacies of her prior responses as pointed out by Defendant followed by her response.

On September 17, 2025, the Court held a status conference and set new scheduling deadlines. The Court set January 16, 2026, as the deadline for completing depositions, and February 16, 2026, as the deadline for filing dispositive motions. On October 29, 2025, Plaintiff filed a motion to extend discovery deadlines to serve a set of interrogatories and depose potentially three witnesses. Defendant opposed the motion. On November 25, 2025, the Court granted Plaintiff's motion in part to allow her to file requests to produce documents and denied the remainder of her motion.

## ARGUMENT

## I. ADDITIONAL TIME IS NEEDED TO FAIRLY EXAMINE THE PLAINTIFF

Federal Rule of Civil Procedure 30(d)(1) limits depositions to one day of seven hours, "unless otherwise stipulated or ordered by the court." The parties have been unable to agree on the duration of Plaintiff's deposition. Defendant seeks the deposition to continue from day to day until it is completed, while Plaintiff wants it limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1), like other extensions of time, requires a showing of "good cause" to extend the time limitation on depositions when the extension is sought before the deadline expires. Rivera-Almodovar v. Instituto Socioeconomic Communitario, 730 F.3d 23, 26 (1st Cir. 2013). See Notes of Advisory Committee on 2000 Amendments ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such

an order.") For example, the court must grant additional time "if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). Good cause to extend the seven-hour limit may also exist where the examination will cover events occurring over a long period of time or when the witness will be questioned about numerous or lengthy documents.

As the Plaintiff, Ms. Fabery has extensive knowledge of the facts in dispute. Plaintiff filed a cryptic employment discrimination Complaint, which left Defendant confused as to what the issues were in this case, particularly since Defendant was willing to file grievances on her behalf against the employer. Defendant carefully drew its interrogatories and requests for production of documents to clarify Plaintiff's allegations and to identify the issues. Plaintiff's initial responses, however, continued to be vague, disclosing very little about the issues in this case. Defendant's counsel had to spend time trying to match what was requested with what it received. Defendant sent letters explaining the inadequacies of the responses. Plaintiff responded over time by citing the inadequacies described by Defendant, rather than the interrogatory or the request for production of documents, followed by a response. Plaintiff's supplemental responses to Defendant's written discovery only marginally clarify her allegations.

Defendant must spend an inordinate amount of time comparing its written discovery requests with the multiple responsive documents to piece together her allegations, but they still remain unclear. There appear to be thirty or more dates on which Defendant allegedly discriminated against her based on her religion. Additionally, there are more than a hundred documents related to the purported discrimination. The extension to fourteen hours is needed to explore and understand her allegations and their bases. Accordingly, the seven-hour limit is insufficient to fairly examine Plaintiff about the alleged discriminatory events and the numerous documents. Expanding the seven-hour limit will aid in a focused dispositive motion and trial.

The expanded time will also aid in identifying and authenticating the exhibits that will really matter in this case. Most of the documents were received well after the requests for admissions were sent.

Furthermore, Defendant is concerned that Plaintiff will keep a clear eye on the measure of time and continue with vague responses to run out the time limitation, thereby undermining the policy of full disclosure. Defendant is also concerned about how much leeway will be given a pro se plaintiff if Defendant has not explored each possible allegation. Courts typically read pro se allegations in a liberal fashion, and if Defendant has not had a full opportunity to examine her about her allegations, the Court may find they state a valid claim on which she could prevail when none really exists. Therefore, Defendant requests the additional time to fairly examine the Plaintiff about the numerous events and documents to clarify the issues.

## II. GOOD CAUSE EXISTS FOR EXTENDING FOR A SHORT PERIOD THE TIME FOR TAKING DEPOSITIONS AND FOR FILING DISPOSITIVE MOTIONS.

Defendant also requests an extension of time for taking depositions from January 16, 2026, to January 30, 2026, and an extension of time for filing dispositive motions from February 16, 2026, to March 20, 2026. Since November 25, 2025, contrary to Plaintiff's claim that allowing her an extension of the deadline for filing requests for production of documents would cause no delay, Defendant has been occupied with evaluating Plaintiff's request, determining if there are responsive documents, and preparing an appropriate response. Defendant has also been diligently trying to decipher Plaintiff's responses to Defendant's written discovery requests to ascertain her allegations, determine which documents are associated with each allegation and event, and organize the allegations and documents to prepare for the deposition. However, more time is needed.

Additionally, Defendant's counsel's time and efforts have been occupied with other cases sandwiched around the holidays. Defendant also learned as of the date of this motion that he will be a witness, apparently for both sides, in an employment case in Suffolk Superior Court scheduled to begin January 8, 2026, the day before Defendant hoped to begin Plaintiff's deposition. While it is unlikely Defendant's counsel will be called on the first day of a possible lengthy trial, he may be called any time thereafter, and it is likely there will be some trial preparation involved. Moreover, Defendant's counsel is the personal representative of his late brother's estate in South Carolina. During November and December 2025, he had to attend to ongoing financial and legal matters associated with winding up his estate, which occupied, and continue to occupy, a significant amount of time. Under all these circumstances, Defendant respectfully requests a short extension for the taking of depositions.

Defendant also requests that dispositive motions be filed by March 20, 2026, rather than February 16, 2026. The additional time is necessary to allow the depositions to be read and signed and statements of fact and supporting exhibits be organized and prepared.

**CONCLUSION**

For all the foregoing reasons Defendant's Motion should be granted.

Respectfully submitted,

National Association of
Government Employees
by its attorney,

/s/Lawrence D. Humphrey
Lawrence D. Humphrey
Assistant General Counsel
BBO # 244160
National Association of
Government Employees

159 Burgin Parkway
Quincy, MA 02169
617-376-0220

**CERTIFICATE OF SERVICE**

I, Lawrence D. Humphrey, certify that the attached Memorandum of Law in Support of Defendant's Motion to Extend the Deposition Time for Plaintiff and to Extend the Period for Taking Depositions and for Filing Dispositive Motions has been served on the following this 31st day of December 2025, via first class mail and email:

Carmen Fabery
270 Babcock Street, Apt. 20-E
Boston, Massachusetts 02215

/s/Lawrence D. Humphrey
Lawrence D. Humphrey