UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN FABERY,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF<br>GOVERNMENT EMPLOYEES,<br><br>    Defendant. | )<br>)<br>)<br>)  CIVIL ACTION<br>)<br>)  NO. 1:24-cv-12781-IT<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO THE NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES' MOTION TO EXTEND DEPOSITION TIME AND TO EXTEND THE PERIOD FOR TAKING DEPOSITION AND FOR FILING DISPOSITIVE MOTIONS**

**INTRODUCTION**

Plaintiff Carmen Fabery, proceeding pro se, initiated this action under Title VII of the Civil Rights Act of 1964, as amended, against the Defendant, the National Association of Government Employees, who was the labor organization that represented her in 2021, by filing a complaint in this Honorable Court on November 4, 2024. The Plaintiff proceeded in pro se capacity due to the fact that she was not able to find legal representation at the time and wanted to avoid a conflict with the statute of limitations, but she has continued to pursue legal representation. Boston College Pro Se Legal Assistance Clinic has provided limited assistance, since the time the plaintiff became aware of their existence in mid-October 2025, and expressed to the Plaintiff that they have only been in existence since August 2025.

The Plaintiff has always recognized that due to her inexperience in legal matters the language she has employed has not been what is customary in these sort of proceedings. Except during the summer of 2025 when the plaintiff was enduring a very difficult set of circumstances, the Plaintiff has consistently worked to overcome her shortcomings and improve her understanding of the relevant facts that took place in 2021 during the implementation of Executive Order 595 by the Governor of Massachusetts, when the Defendant was the labor organization that represented the Plaintiff.

With a commitment to proceeding only in good faith, the Plaintiff has complied with the Defendant's substantial discovery requests to the absolute best of her ability at the time, even if it took a significant effort on her part, and conferred with the Defendant often to provide updates on her progress.  The Plaintiff even provided items that could have been objected to under attorney-client privilege in order to further good faith and also patiently waited for the Defendant's response for her own discovery document request, which was granted by this Honorable Court on November 25, 2025, putting on hold the preparation of a deposition of the Defendant in the hope the Defendant's response would be useful in preparing the deposition.

## STATEMENT OF FACTS

The Defendant filed an answer to the Plaintiff's complaint on February 14, 2025, stating that "plaintiff, by her own conduct, is guilty of unclean hands".  During a Scheduling Conference on April 11, 2025, the Defendant refused mediation.  In a Status Conference on September 17, 2025, the Plaintiff was forthcoming and explained she was aware that her reply to interrogatories

and request for documents was inadequate but that she would remedy this. The Court set dates for the Plaintiff to supplement the inadequate responses.

Defendant on November 12, 2025, in a reply in opposition to a motion by the Plaintiff to extend the deadline for production of documents stated that the "Defendant's discovery were not onerous; it was plaintiff's desire to hide her case and surprise the defendant with it at trial that made responding onerous" as well as statements relating to the Plaintiff's efforts to obtain legal assistance or representation.

The Plaintiff received an email from the Defendant's counsel on December 24, 2025, with a notice to attend a deposition stating that: "The oral examination will continue from day to day until it is completed." An email response by the Plaintiff on December 24, 2025, stated that she would attend for a duration of seven hours in one day as permitted by Federal Rule of Civil Procedure 30(d)(1). The Defendant replied to the Plaintiff: "Your conditions are unacceptable I expect you to be at my office on January 9th at 10 am. The deposition will go as long as it takes to complete." Currently, after the Plaintiff conferred with the Defendant as a result of the schedule change ordered by the Court both parties have agreed to move the date of the deposition of the Plaintiff.

On December 29, 2025, the Defendant served the response to the Plaintiff's request for documents due on December 26, 2025, via postal service, mostly objecting to the requests or making reference to already submitted documents from initial disclosure. The Plaintiff conferred with the Defendant via email on January 5, 2026, in order to further clarify the documents requests after being told by the Defendant that they continue to not understand her claim. The Plaintiff has also been trying to coordinate a deposition of the Defendant, that will be rescheduled after the schedule change granted by the Court.

## ARGUMENT

### 1. EXTENDING THE PERIOD FOR TAKING DEPOSITIONS AND FOR FILING DISPOSITIVE MOTIONS SHOULD BE GRANTED

Although the Court has already ruled on the matter, the Plaintiff wishes to inform the Court that she was in agreement with the Defendant's Motion to Extend the Period for Taking Depositions and for Filing Dispositive Motions, understanding the circumstances that the Defendant's counsel expressed in the motion and intended to inform the Court at the latest by Tuesday, January 6, 2026. However, because the Plaintiff also had to make arrangements to depose the Defendant, confer with the Defendant on discovery issues, and prepare for a deposition by the Defendant that at the time was scheduled for January 9, 2026, replying to the Defendant's motion was not possible before the Court granted on January 5, 2026, an extension to the January 16, 2026, fact discovery and all depositions deadline as well as an extension to the February 17, 2026, dispositive and summary judgement motions deadline, and allowed a reply by the Plaintiff on the remaining part of the motion regarding extending the deposition time for the plaintiff.

### 2. EXTENDING THE DEPOSITION TIME FOR PLAINTIFF SHOULD BE DENIED

The Defendant attempted to order the Plaintiff to submit to a deposition, outside of Federal Rule of Civil Procedure 30(d)(1), that would be for "as long as it takes to complete". There was no real attempt to confer with the Plaintiff, only a notification and a subsequent email stating to the Plaintiff that her assertion of her right to limit the deposition to a duration of seven hours in one day were unacceptable terms.

The Defendant's motion claims once again they do not understand the Plaintiff's complaint because they were willing to file grievances and represent her in the grievance process, ignoring again that the Plaintiff had been clear in interrogatories about the fact that the

Defendant did not believe in her right to a reasonable accommodation due to her sincerely held religious beliefs and expressed words to this effect to the plaintiff at the time in question. In addition, the Defendant did not conduct a thorough investigation nor prepare an adequate defense for her disciplinary hearing which prompted the Plaintiff to instruct her union representative not to attend the disciplinary Show Cause Hearing on November 8, 2021. The Plaintiff's union representative also engaged in at least one email conversation with the employer sarcastically portraying the Plaintiff as someone irrational.

      Other than the aforementioned events, the Plaintiff has mentioned several refusals or omissions by the Defendant to duly inform the Plaintiff during the time in question. The interaction between the Plaintiff and the Defendant was not extensive at all. The Plaintiff followed the direction of the Court during a status conference held on September 17, 2025, where she questioned the extensive nature of the Defendant's interrogatories and documents requests, but was told by the Court that she was to answer. The Plaintiff proceeded to answer to the best of her ability and now the Defendant claims is not possible to manage its own discovery in a seven hour deposition and that the documents provided were not labeled properly even though the Plaintiff carefully indexed all documents provided. Many of the documents provided were already in the possession of the Defendant and consisted of email messages or phone call logs between the parties at the time in question, but were demanded by the Defendant regardless of the fact that the documents were already in the Defendant's possession. Furthermore, the Defendant argues that a lesser discovery request from the Plaintiff is onerous while at the same time argues that a much more extensive discovery by the Defendant is not onerous at all.

      If the Defendant has not been able to understand the Plaintiff's claim after the considerable effort on the part of the Plaintiff to clarify any lack of understanding, the Plaintiff is

certain that extending her deposition beyond seven hours will not make any difference at all.  In fact, given the Defendant's expressions, entered in the Court's record by motion, opposition to motion, or even the answer to the complaint, that made explicit statements as to the Plaintiff's motives as well as the fact that the Defendant has knowingly delayed for several days their response to a Court order for production of documents and that the subsequent response was evasive, makes the Plaintiff question the intent of keeping her tied up in a lengthy deposition.

## CONCLUSION

For all the foregoing reasons, the Defendant's Motion to Extend the Deposition Time for Plaintiff should be denied.

Dated: January 9, 2026                                                                 Respectfully submitted,


/s/Carmen Fabery
Carmen Fabery, *Pro Se*
270 Babcock St. 20-E
Boston, MA 02215

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I served the above Plaintiff's Opposition To The National Association Of Government Employees' Motion To Extend Deposition Time And To Extend The Period For Taking Deposition And For Filing Dispositive Motions to the defendant via email by means of the defendant's counsel Lawrence D. Humphrey at lhumphrey@nage.org.


Respectfully submitted,


/s/Carmen Fabery

Carmen Fabery, *Pro Se*  
270 Babcock St. 20-E  
Boston, MA 02215  
617.271.7787  
carmen.fabery@gmail.com

   **Carmen Fabery <carmen.fabery@gmail.com>**

---

## FW: Scan from NAGE
4 messages

---

**Lawrence Humphrey** <lhumphrey@nage.org>  						Wed, Dec 24, 2025 at 11:00 AM
To: Carmen Fabery <carmen.fabery@gmail.com>
Cc: Chris Cook <ccook@nage.org>

Dear Ms. Fabery,

    Attached please find a Notice of taking your deposition on January 9, 2025, and continuing until completed.  Thank you.

Lawrence Humphrey

---

 doc00779720251224102808.pdf
46K

---

**Carmen Fabery** <carmen.fabery@gmail.com>  						Wed, Dec 24, 2025 at 4:39 PM
To: Lawrence Humphrey <lhumphrey@nage.org>

Dear Mr. Humphrey,

In response to your email regarding the Notice of Taking Deposition I only agree to a single day, 7-hour deposition with a one-hour lunch break and other reasonable breaks as needed. I request that it be done remotely on Zoom.

Respectfully,

Carmen Fabery
Pro Se

[Quoted text hidden]

---

**Lawrence Humphrey** <lhumphrey@nage.org>  						Thu, Dec 25, 2025 at 9:18 PM
To: Carmen Fabery <carmen.fabery@gmail.com>

Dear Ms. Fabery,


    Your conditions are unacceptable  I expect you to be at my office on January 9th at 10 am. The deposition will go as long as it takes to complete.




Lawrence Humphrey

[Quoted text hidden]

---

**Carmen Fabery** <carmen.fabery@gmail.com>  						Sun, Dec 28, 2025 at 9:32 PM
To: Lawrence Humphrey <lhumphrey@nage.org>

Dear Mr. Humphrey,

Federal Rule of Civil Procedure 30(d)(1) is clear: "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." My deposition will end after, at most, a single day of 7 hours.

Respectfully,

Carmen Fabery
Pro Se

[Quoted text hidden]

                                                                                              **Carmen Fabery <carmen.fabery@gmail.com>**

# Defendant's Response to the Plaintiff's First Request for Production of Documents Propounded to Defendant (Case 1:24-cv-12781-IT)

5 messages

---

**Carmen Fabery** <carmen.fabery@gmail.com>                                                         Mon, Jan 5, 2026 at 2:51 PM
To: Lawrence Humphrey <lhumphrey@nage.org>

Dear Mr. Humphrey,

I received the Defendant's Response to the Plaintiff's First Request for Production of Documents Propounded to Defendant that was granted by the court on November 25, 2025, containing only two responses out of the 12 requests that were otherwise denied under objection. Now that the schedule has been modified I want to inquire whether the defendant will submit the remaining items that were objected to. I ask that you kindly inform me of the defendant's decision on this matter by tomorrow at noon before I may seek court intervention.

Once again, thank you very much for your kind consideration.

Respectfully,

Carmen Fabery
Pro Se

---

**Lawrence Humphrey** <lhumphrey@nage.org>                                                          Mon, Jan 5, 2026 at 3:22 PM
To: Carmen Fabery <carmen.fabery@gmail.com>

Dear Ms. Fabery,

         You need to be more specific about what you are seeking.  Regarding request number 1, a union's responsibilities to its members is defined by statute and case law, which you can research as well as the Union.  Regarding request number 2, as we stated in our response, there are no documents.  The documents requested in requests number 3, 4, 11, and 12 were submitted in our initial disclosures.  Regarding requests 5 ,6, and 7, based on what NAGE understood you were requesting, we said we do not have the documents.  We gave you documents responding to requests number 8, 9, and 10.  If you want to clarify what specifically you are requesting, we will look to see if we have any responsive documents. Thank you.

Lawrence Humphrey

[Quoted text hidden]

---

**Carmen Fabery** <carmen.fabery@gmail.com>                                                         Tue, Jan 6, 2026 at 1:51 PM
To: Lawrence Humphrey <lhumphrey@nage.org>

Dear Mr. Humphrey,

I have reviewed the defendant's response to the discovery documents that were granted by the court and were submitted by the defendant on December 29, 2025 . As a large organization with expertise on the matter of labor, particularly in the public sector, the plaintiff believes that NAGE can reasonably interpret terms such as roles, responsibilities, disciplinary hearings, and others in a much more precise manner instead than in the.most possible vague sense. The plaintiff also

1/9/26, 10:50 AM
Case 1:24-cv-12781-IT Document 30 Filed 01/09/26 Page 11 of 12
Gmail - Defendant's Response to the Plaintiff's First Request for Production of Documents propounded to Defendant (Case 1:24-c…

believes that the defendant has the resources to make computer queries of its electronic records that can without undue burden provide a reasonable picture within the scope sought.

The plaintiff asks that the defendant promptly reply tomorrow January 7, 2026, by 10:00 AM as to their willingness to comply with discovery as a result of the plaintiff's following clarification. The reason a prompt response is needed by tomorrow is the fact that the plaintiff's preparation for an upcoming deposition by the defendant, if not rescheduled, must take place during the next couple of days.

1. The defendant has an obligation to act in good faith for its members and it should produce the rules by which it carries out its duties, especially to comply with the duty of fair representation, to prevent unfair labor practices, and to fulfill promises such as defending members dignity, etc. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

2. Documents sought relating to policies, procedures, and guidance in representing Executive Department members on disciplinary hearings should be interpreted as the rules, regulations, and guidelines that the defendant had established and needed to follow in any disciplinary hearing that a member would be facing during 2021. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

3. The request seeks any document that may be in possession of the defendant that mentions the plaintiff, such as the documentation of any investigation carried out by the defendant, if such documents exist, the email exchanges between the defendant and plaintiff, or phone call logs between defendant and plaintiff. The intent of this request is to cross check evidence that the plaintiff has shared with the defendant and it is understood by the plaintiff some of the documents requested here may be subject to objections. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

4. Documents sought need to include any document in which the defendant was informed by the plaintiff that she did not want the defendant's representation or assistance in any capacity in relation to the disciplinary show cause hearing in 2021. If they do not exist please indicate this fact. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

5. Documents sought could easily include all the redacted grievance forms, hearing determinations, arbitration determinations, objections raised by the defendant to the employer, etc. It is reasonable that a national labor organization such as the defendant has such documents well organized and this request does not pose an undue burden on the defendant given the resources available to the defendant as a national labor organization. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

6. Documents sought relating to policies, procedures, and guidance regarding defendant's assistance available to Executive Department members should be interpreted as the rules, regulations, and guidelines that the defendant had established and needed to follow to assist Executive Department members that sought reasonable accommodation to EO 595 for sincerely held religious beliefs. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

7. Just as #6, but instead of referring to sincerely held religious beliefs, it refers to medical reasons. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

8. Documents sought relating to policies, procedures, and guidance relating to EO 595 should be interpreted as the rules, regulations, and guidelines that the defendant had established and needed to be followed by officers, directors, managing agents, stewards or any other defendant staff that had responsibilities directly related to the implementation EO 595, particularly those that had the responsibility to directly interact with members during the implementation of EO 595. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

9. Documents sought relating to the interaction between the Commonwealth of Massachusetts and NAGE during negotiations and bargaining sessions or other related documents that reflect the defendant's policy and position on the implementation of EO 595 and its consequences and how this was used in the interaction with the Commonwealth. The plaintiff understands that internal defendant documents may be privileged but to the extent that the legal analysis that was employed to represent members in good faith should be provided in the interest of transparency of its business on behalf of members. The defendant is required under federal rules to provide anything that is not privileged or otherwise objectionable.

Once again, I appreciate your kind consideration of this matter.

Respectfully,

Carmen Fabery
Pro Se

[Quoted text hidden]

---

**Lawrence Humphrey** <lhumphrey@nage.org>  Wed, Jan 7, 2026 at 3:25 PM
To: Carmen Fabery <carmen.fabery@gmail.com>

Dear Ms. Fabery,

In response to your clarifications below, Defendant states as follows:

1. Defendant will look for other documents that may be responsive and provide them.
2. Defendant will supplement its response to state there are no documents.
3. Defendant will look for other documents that may be responsive and provide them.
4. Defendant will again provide the documents it has previously provided in its initial disclosures.
5. Defendant maintains its objections and response. Your clarification expands your initial request which dealt with show cause hearings, not grievances and not arbitrations. As best Defendant understands your allegations, you are complaining about the show cause hearing and not grievances or arbitrations.
6. Defendant will supplement its response to state there are no documents.
7. Defendant will supplement its response to state there are no documents.
8. Defendant will look again, but as of now, it believes there are no documents.
9. Defendant will look for other non-privileged documents that may be responsive and provide them.

[Quoted text hidden]

---

**Carmen Fabery** <carmen.fabery@gmail.com>  Wed, Jan 7, 2026 at 10:43 PM
To: Lawrence Humphrey <lhumphrey@nage.org>

Dear Mr. Humphrey,

Thank you for your response. First, I would like to further clarify that my claim is not about an unfair labor practice claim, but is about the Defendant's actions and omissions, that followed my request for reasonable accommodation to EO 595, after I resorted to the Defendant as a labor representative. My claim is not just about filing grievances, but overall union responsibilities when I depended on the Defendant as a labor representative as well as the overall policy that the Defendant implemented during that time.

Second, I only had time to briefly review your last response, but I will further review it as soon as possible.

Third, I would like to inform you that I have asked the Court Clerk to schedule a discovery conference to have a final resolution to any issues and set the schedule for the production of the documents in the short time remaining before the January 30, 2026, end of discovery deadline.

Once again, I appreciate your kind consideration of this matter.

Respectfully,

Carmen Fabery
Pro Se

[Quoted text hidden]