UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARMEN FABERY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:24-cv-12781-IT |

MEMORANDUM & ORDER

October 14, 2026

TALWANI, D.J.

Pending before the court is Defendant National Association of Government Employees' Motion for Summary Judgment [Doc. No. 48] and Plaintiff Carmen Fabery's Motion for Voluntary Dismissal Without Prejudice [Doc. No. 67] ("Motion"). For the reasons set forth below, Plaintiff's Motion [Doc. No. 67] is DENIED. Defendant's Motion for Summary Judgment [Doc. No. 48] is GRANTED as unopposed.

## I. Background

Plaintiff, who is proceeding *pro se*, initiated this action on November 4, 2024. Compl. 5 [Doc. No. 1]. After fact discovery closed, Defendant filed the pending Motion for Summary Judgment [Doc. No. 48]. Plaintiff's response was due on May 15, 2026.

At Plaintiff's request, the court extended the time for Plaintiff to file the response to June 5, to June 15, and finally to June 22, 2026. See Elec. Order [Doc. No. 57]; Elec. Order [Doc. No. 60]; Elec. Order [Doc. No. 63]. With the final extension, the court noted that it "d[id] not anticipate granting further extensions of this deadline." Elec. Order [Doc. No. 63].

At 5:30 p.m. on June 22, rather than respond to Defendant's summary judgment motion, Plaintiff filed an Informative Motion [Doc. No. 64]. In the Informative Motion [Doc. No. 64], Plaintiff stated that, "although [she was] very close to completion of the response package[,]" she "was unable to meet the current deadline . . . due to her current health status, mounting obligations with her current place of employment and an unexpected family situation[.]" Id. ¶ 4. Plaintiff stated in the Informative Motion [Doc. No. 64] that she would "confer" with Defendant "to submit a joint stipulation for dismissal or in the alternative move . . . for dismissal of this action." Id. ¶ 5.

Plaintiff did not file anything for roughly 30 days. On July 22, the court instructed Plaintiff that "[a]ny stipulation or motion seeking dismissal" must be filed by July 31. Elec. Order [Doc. No. 65]. With the assistance of an attorney under a limited representation agreement, Plaintiff filed her pending Motion [Doc. No. 67] and accompanying memorandum on July 31. Defendant opposes the motion. Opp'n [Doc. No. 69].

## II. Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2)

Pursuant to Rule 41(a)(1), a plaintiff may voluntarily dismiss an action "without a court order" by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." When Rule 41(a)(1) does not apply, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

When a plaintiff seeks dismissal under Rule 41(a)(2), "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" Colón-Cabrera v. Esso Standard Oil Co. (P.R.), Inc., 723 F.3d 82, 87 (1st Cir. 2013) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). To determine whether dismissal without prejudice will legally prejudice the defendant, courts in the First Circuit consider four factors: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (citing Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). Courts "need not analyze each factor or limit their consideration to these factors." Doe, 216 F.3d at 160; see Tyco Lab'ys., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980) (holding that the four factors identified in Pace serve only as a guide for trial judges).

In the nearly two years since the action was filed, Defendant has produced discovery to Plaintiff, deposed Plaintiff, defended three of its own designees during depositions taken by Plaintiff, prepared for a mediation session that ultimately did not proceed, and filed the pending Motion for Summary Judgment [Doc. No. 48]. At this late stage in the case, both the first factor, that Defendant has invested considerable "effort and expense" in defending against Plaintiff's claims, and the fourth factor, that Defendant has filed a motion for summary judgment, counsel in favor of finding that dismissal of Plaintiff's Complaint [Doc. No. 1] without prejudice would be inappropriate. See Doe, 216 F.3d at 160.

The second and third Doe factors—excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and insufficient explanation for the need to take a dismissal—are also met in this case. See id.

As grounds for her requested extensions, Plaintiff referenced challenges associated with representing herself, see Mem. ISO Mot. to Extend 2 [Doc. No. 56]; the demands of her job, see id. at 3; [Second] Decl. ¶ 4 [Doc. No. 62]; and her health, see [First] Decl. ¶¶ 2–6 [Doc. No. 59]; [Second] Decl. ¶ 2 [Doc. No. 62]. With each extension request, however, Plaintiff stated that she was working diligently on her intended filings and would soon complete them. See, e.g., Mem. ISO Mot. to Extend 2 [Doc. No. 56] ("The Plaintiff . . . believes she will be able to present an appropriate

opposition to the Defendant's motion for summary judgment as well as a cross-motion for summary judgment if the Court grants this brief extension of time. . . ."); Mot. to Extend the Time to File 1 [Doc. No. 58] (seeking "a second brief extension . . . to file her response to the Defendant's motion for summary judgment, which she has diligently worked on but finds herself unable to file by the June 5, 2026, deadline due to an untimely and unforeseen health situation"); [Second] Decl. ¶¶ 3–6 [Doc. No. 62] (asserting that, as of June 15, 2026, additional exhibits and Plaintiff's "response to the defendant's undisputed facts" would be filed within two days, a cross-motion for summary judgment was "prepared[,]" and a "draft version" of Plaintiff's associated memorandum was "prepared" but "require[d] [the] add[ition of] references to undisputed facts and the cases that have been selected").

In moving for dismissal without prejudice, Plaintiff now argues, in relevant part, that she seeks dismissal "because a related action involving Plaintiff's former employer remains pending in state court and involves overlapping factual issues." Mem. ISO Mot. for Voluntary Dismissal 1 [Doc. No. 68]. Plaintiff specifically asserts that "[p]roceeding simultaneously in both forums would likely require duplicative discovery, overlapping witness testimony, repeated expert analysis, and the expenditure of unnecessary judicial and party resources." Id. at 4.

Plaintiff received a "Final Determination" letter as to her former employer from the Equal Employment Opportunity Commission on September 12, 2024 and filed her state court action against that employer on November 8, 2024, four days after filing her Complaint [Doc. No. 1] against Defendant in this court. See Compl. ECF 12–13 [Doc. No. 1]; Compl., Fabery v. Dep't of Children & Families, No. 2484CV02966 (Suffolk Cty. Super. Ct. Nov. 8, 2024). Throughout the pendency of this case, Plaintiff has never previously raised a concern regarding duplicative litigation across her state and federal cases, including in the memorandum and declarations submitted in support of her three extension requests described supra. Where discovery in this case was closed as

of February 3, 2026, see Elec. Clerk's Notes [Doc. No. 34], the court is unpersuaded by Plaintiff's desire to avoid "duplicative discovery" and the unnecessary expenditure of resources associated therewith.

Accordingly, under the Doe factors, the court concludes that dismissal of this case without prejudice will legally prejudice Defendant and DENIES Plaintiff's request for dismissal without prejudice.

## III. Summary Judgment Pursuant to Federal Rule of Civil Procedure 56

In its Motion for Summary Judgment [Doc. No. 48], Defendant seeks summary judgment on all of Plaintiff's claims. As a threshold issue, Defendant asserts that Plaintiff failed to file timely charges with the EEOC or the appropriate state agency and has therefore failed to exhaust her administrative remedies. Mem. ISO Mot. for Summ. J. 1 [Doc. No. 51]. As to the merits of Plaintiff's claims, Defendant argues that Plaintiff has failed to demonstrate that Defendant acquiesced in any purported religious discrimination by Plaintiff's employer, "sided" with the employer's alleged retaliation against Plaintiff, or independently engaged in discrimination against Plaintiff on the basis of her religious beliefs. See id. at 2–30.

Where Plaintiff has failed to file an opposition to that motion, despite being granted multiple extensions of time to do so, Defendant's Motion for Summary Judgment [Doc. No. 48] is GRANTED as unopposed.

## IV. Conclusion

Plaintiff's Motion for Voluntary Dismissal Without Prejudice [Doc. No. 67] is DENIED. Defendant's Motion for Summary Judgment [Doc. No. 48] is GRANTED as unopposed.

IT IS SO ORDERED.

October 14, 2026

/s/ Indira Talwani
United States District Judge